UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23197-CIV-UNGARO/SIMONTON

DFA HOLDINGS, INC.

    Plaintiff,

v.

NEW YORK MARINE AND GENERAL
INSURANCE CO.,

    Defendant.
_____/

## ORDER GRANTING, IN PART, MOTION TO COMPEL

Presently pending before this Court is Plaintiff DFA Holdings, Inc.'s ("DFA") Motion to Compel Production of Documents (DE # 24). The Honorable Ursula Ungaro, United States District Judge, has referred this matter to the undersigned United States Magistrate Judge (DE # 25). Defendant New York Marine and General Insurance Co. ("New York Marine") has responded in opposition (DE # 26), and the Plaintiff has replied (DE # 27). A hearing was held on April 13, 2011, at which time the undersigned orally granted the motion, in part, and stated her reasons on the record. This Order sets forth that ruling, and incorporates by reference the reasons stated on the record.

Plaintiff DFA filed this action against its insurer, New York Marine, to recover losses it sustained in connection with damage to merchandise shipped on two occasions–January 2008 and April 17, 2008 (DE # 1). DFA alleges that the damages to the shipments were covered under the terms of its insurance policy, that all conditions precedent were performed, satisfied or waived, and that New York Marine breached the terms of the insurance policy by failing to pay these covered claims (DE # 1).

New York Marine has filed an Answer which, in substance, denies that it breached

the terms of the insurance policy, and asserts numerous affirmative defenses (DE # 14).

The Motion to Compel seeks production of three categories of documents: any and all documents pertaining to the Claims; any and all internal communications pertaining to the Claims; and, any and all communications with any and all third parties pertaining to the claims (except communications with counsel) (DE # 24).  The Defendant responded to this Motion, asserting that the request was overbroad since it required a search of all documents possessed by the company that mentioned the Claims, whether or not the communication was relevant to the issues in this litigation (DE # 26).  In Reply, the Plaintiff reiterated its positions that the documents it sought were limited to the Claims at issue and therefore are relevant; and, for the first time, sought fees in connection with the motion (DE # 27).

At the outset of the hearing, the parties announced that they had reached agreement with respect to the documents to be produced, and that the Defendant would produce all documents in its Claims files that were not privileged; and, that it would produce a privilege log with respect to the documents it withheld.  The Defendant sought fifteen days to produce these documents.  The Plaintiff objected to this length of time due to the approaching discovery deadline.  For the reasons stated on the record, the documents and privilege log must be produced on or before April 25, 2011.

The Plaintiff sought an award of attorney's fees on the grounds that the resistance to production was unjustified, and the resolution was not reached until 30 minutes before the hearing.  For the reasons stated on the record, the undersigned agrees that the failure to produce documents was not appropriate; however, under the circumstances of the case as a whole, and considering the fact that fees were not sought in the initial motion, the undersigned will not award fees at the present time.  The

request is denied, without prejudice, and may be renewed if a further motion is filed with respect to the production of documents required by this Order.

Therefore, based upon a review of the record as a whole, and for the reasons stated on the record, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff DFA Holdings, Inc.'s ("DFA") Motion to Compel Production of Documents (DE # 24) is **GRANTED, IN PART**. Defendant shall produce the non-privileged documents contained in its claims files pertaining the claims at issue in this case, together with a privilege log for any documents withheld, on or before April 25, 2011. The Plaintiff's request for sanctions is denied, without prejudice.

**DONE AND ORDERED** in chambers in Miami, Florida, on April 14, 2011.

/s/ Andrea M. Simonton
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro,
    United States District Judge
All counsel of record